THE STATE OF LOUISIANA *v.* DELIA SWIFT, alias BRIDGET FURY.

The mere belief of a person, that an assault is made upon him under circumstances denoting an intention to take his life, or to do him great bodily harm, will not justify taking the life of the person making the assault; there must have been a reasonable ground for such apprehension to render the killing justifiable homicide.

Although the statute has fixed the number of Grand Jurors at sixteen, it is not necessary that sixteen should be in attendance at the time of finding an indictment: that number is not sacramental.

An objection to the mode of drawing and empanneling the Grand Jury cannot be made the ground of a motion in arrest of judgment.

APPEAL from the First District Court of New Orleans, *Hunt*, J.

*E. W. Moïse*, for the State.   *B. F. Tappan*, for defendant and appellant.

VOORHIES, J.   The defendant asks the reversal of the judgment of the court below, decreeing her incarceration for life in the State Prison, for the crime of of murder; she assigns as errors several rulings, which will be disposed of *seriatim*.

The District Judge was requested by her counsel to give the following charge to the jury:

" That if the accused believed that an assault was made upon her by the deceased under circumstances denoting an intention to take away her life, or to do her some great bodily harm, and under that belief, at the time, she killed him, the killing was justifiable homicide."

The District Judge properly declined giving the above instruction, the fallacy of which consists in making the mere belief of the accused, that his life is threatened, a sufficient ground to take the life of another.   The court below gave a correct exposition of the law, in stating to the jury " that if, in the opinion of the jury, the deceased made an assault upon the accused, &c., from the nature of the assault, the accused had reasonable ground to apprehend that there was a design to destroy her life, or commit some great bodily harm upon her person, and thereupon, at the time, the accused killed the deceased,—the killing was excusable homicide."   See the case of *The State* v. *Chandler*, reported in 5 An. 490.

The next objection is, that only thirteen Grand Jurors were present when the bill of indictment was preferred against the accused; whilst the statute is imperative as to the number, requiring sixteen jurors to constitute that body.

The fact, that only thirteen jurors were present when the indictment was preferred, does not vitiate the proceedings, although the statute has fixed at sixteen the number of Grand Jurors.   The law requires the concurrence only of twelve of them for the finding of an indictment.   It is not necessary that the sixteen Grand Jurors be in attendance: that number is not sacramental.   Formerly, as the law stood, no less than twelve, nor more than twenty-three were to be empanneled as a Grand Jury, although the presence and concurrence of twelve only were required for the transaction of business.   The object of the statute was, to fix the exact number of persons who were liable to service as Grand Jurors, instead of the indefinite number above mentioned; but in other respects, the law is unchanged.   The defendant's argument proves too much: if the sixteen jurors must be in attendance, to transact business, the concurrence of all of them is necessary to find a bill.   Such is evidently not the purport of the statute, which

merely directs the court to draw sixteen Grand Jurors, without reference to the mode or manner in which they transact business.

There is no irregularity in this respect in the proceedings.

III. The defendant's counsel, in a motion in arrest of judgment, assigns as error patent on the face of the papers, that the Grand Jury was not drawn and empanneled according to law.

The informality as to the drawing and empanneling of the Grand Jury, consists, as alleged, in the fact that, instead of being drawn from a list of one hundred and twenty-five members, they were selected from two separate drawings of fifty each, at a time not fixed by law,

The defendant's counsel contends, that there is no statute requiring the prisoner to challenge the array on the first day of the term of court, in the parish of Orleans; but that the statutes which provide to that effect for the State at large, expressly exclude the First Judicial District. It is not necessary to determine this point, as the objection could not be urged in a motion in arrest of judgment. It is not at all stages of the trial or in every form of exception, that this matter can be brought up successfully.

The prisoner's counsel urges that the defect, which he points out in the manner and time of drawing the Grand Jury, in the present instance, is a matter of record; but this does not suffice to give the accused the right to move in arrest of judgment. The defect is one of form, and not of substance. Blackstone says : " Arrests of judgment arise from *intrinsic* causes, appearing on the face of the record." The rule is laid down by Wharton as follows : " The practice also is, not to arrest judgment on the ground of irregularities in the summoning, or the procedure of the Grand Jury." (Page 863).

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed.