## STATE *v.* JOHN W. ADDISON.

A motion in arrest of judgment lies only for defects apparent on the face of the record.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J. *Thos. J. Semmes*, Attorney General, for the State. *A. Bowie*, for defendant and appellant.

MERRICK, C. J. The accused has been convicted of the crime of manslaughter, and sentenced to seven years imprisonment at hard labor in the penitentiary. He appeals.

We have not been favored with any brief or oral argument on the part of the accused.

We observe in the record a bill of exceptions to the refusal of the Judge *a quo* to arrest the judgment, on the ground that one of the grand jurors was not a voter, nor qualified to act as a juror.

Without undertaking to decide whether, under the peculiar phraseology of the Act of 16th March, 1857 (p. 80), any objection can be made to the *Grand Jury* after the first day of the term; it is sufficient to say, that a motion in arrest of judgment lies only for defects apparent on the face of the record. 1 Chitty's Criminal Law, 661. The objection urged by the accused in this case, in arrest of judgment, is made to appear by affidavits which form no part of the record. See the *State* v. *Nolan*, 8 Rob. 514.

We see nothing in this case which would justify a reversal of the judgment.

Judgment affirmed.