State vs. Bird.

## No. 9750.

### THE STATE OF LOUISIANA VS. ISAAC BIRD.

1. A charge of the judge, in a capital case, that is not reduced to writing, and to which no bill of exceptions was taken at the time, cannot be examined upon an application by accused for a new trial. 34 Ann. 106, 1213; 35 Ann. 543, 773.
2. An objection that the verdict of the jury is contrary to law and the evidence is bad. 33 Ann. 313; 11 Ann. 478.
3. An objection, raised for the first time upon an application for a new trial, that one of the jurors who tried the case was an unnaturalized citizen, comes too late; it should have been urged when the juror was offered to be sworn. 8 R. 590; 13 Ann. 276, 21 Ann. 546, 257; 26 Ann. 383.
4. A juror cannot be heard to impeach his own verdict. 3 Ann. 435; 6 Ann 653; 35 Ann. 1032.

APPEAL from the Ninth District Court, Parish of Concordia. *Young*, J.

*M. J. Cunningham*, Attorney General, and *Hugh Tullis*, District Attorney, for the State, Appellee.

*G. Lemle* and *C. S. Duke* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.   The accused was indicted for the murder of one John Stephenson, and from a verdict of guilty without capital punishment, he has obtained this appeal.

He relies upon a bill of exceptions reserved to the refusal of the trial judge to grant his application for a new trial; and upon one taken to the rejection by the court of certain testimony on the trial of that application.

I.

The grounds upon which accused predicates his motion for new trial are in substance as follows, viz:

1st.   The verdict is contrary to law and evidence.

2d.   The court erred in not instructing the jury, at its adjournment for dinner, after the evidence had been closed, and before the argument of counsel, not to speak about the case, or *reflect on the evidence* that had been adduced, or *form an opinion* in the case, until they had heard the argument of counsel and the law bearing on the case.

3d.   That, during the adjournment of court for dinner, and prior to the argument of counsel, several jurors expressed themselves on the case.

4th.   The district attorney erred in *not* reading to the jury the statute of the State under which the party was tried.

5th.   The court erred in not instructing the jury as to the *penalty*

attached to their finding the prisoner guilty of murder, without capital punishment.

6th. In consequence of said error of the court, many of the jurors were misled with regard to the term of his imprisonment in case the accused should be convicted.

7th. That if the jury had not entertained this opinion, they would have found a different verdict.

8th. That he believes *one of the jurors who tried the case*, by the name of Fritz Barmd, was not a *naturalized* citizen of the United States; and that the accused was not aware of the fact before going to trial.

## II.

In State vs. Beard, 34 Ann. 106, we said: "Although *in writing*, the judge's charge was not excepted to: we held in State vs. Ricks, 32 Ann. 1098, that when the charge was in writing and embodied in the record, we would notice errors, under proper assignment thereof, although not presented by bill of exceptions. While not overruling this opinion, which, however, is contrary to prior authority (10 Ann. 450), and therefore, to be strictly construed, we deem it proper to say that it is preferable that charges should be excepted to when given, in order that the judge may have an opportunity of explaining and correcting his charge at the time; otherwise, the defendant would be at liberty to take his chances of acquittal on the charge as delivered, and, if convicted, to urge his objection in subsequent proceedings. Only in case of gross and unambiguous error will we sustain objections to the charge, not made and presented by bill of exceptions at time of delivery."

In State vs. Curtis, 34 Ann. 1213, this Court adhered to its ruling in the last cited case.

In State vs. Sheard and Smith, 35 Ann. 543, this Court said: "When in a criminal case no objection is made by the accused, or his counsel, to the charge delivered in writing, when given, and no bill of exceptions is taken thereto, and there is no proper assignment of errors, etc., the matter will not be reviewed by this Court, nor the sentence disturbed."

This ruling was approved in State vs. Riculfii and McClung, 35 Ann. 773; State vs. Chopin, 10 Ann. 458; State vs. Mangum, 35 Ann. 619.

This record fails to disclose that any such charge was requested at the time of trial and that same was refused by the court. Certain it is that there is in the record no written charge to the jury.

The correctness of the assumed misdirections of the judge in his charge to the jury cannot be heard and determined by way of motion for new trial.

This disposes of the second, third, fifth, sixth and seventh grounds of objection by the accused.

### III.

The objection urged that the verdict of the jury is "contrary to law and evidence," is not good, as its determination necessarily involves. questions of fact.

These were grounds of complaint that addressed themselves peculiarly to the discretion of the lower judge. 38 Ann. 313, State vs Breckinredge; 11 Ann. 478; 8 R. 543.

### IV.

The belief of the accused that "one of the jurors who tried the case" was an unnaturalized citizen, and that he was not aware of it, comes with poor grace from the accused, after he has taken his chances of acquittal by the jury of which this person was a member.

It was long ago held that an objection to a juror, for want of residence, should be made when he is offered to be sworn.

Such an objection comes too late on a motion for new trial. 8 R. 590, State vs. Kennedy; 13 Ann. 276, State vs. Nolan; 21 Ann. 546, State vs. McLean; 21 Ann. 257, State vs. Parks; 26 Ann. 383, State vs. Brown.

### V.

The question remaining for discussion is, whether a petit juror can be permitted to impeach his own verdict. Repeated decisions of this Court, and of its predecessors, have steadily maintained the negative of that proposition. 3 Ann. 435, State vs. Caldwell; 6 Ann. 653, State vs. Butler; 35 Ann. 1032, State vs. Cheshire.

### VI.

Altogether, the motion of accused for new trial is without merit, and we find no ground of objection to the trial judge's conduct of the case; and it is therefore ordered, adjudged and decreed that the verdict of the jury and judgment of the court appealed from be affirmed, with costs of both courts taxed against the appellant.