Statement of the Case.
NICHOLLS, J.
Relators aver:
“That they, together with two other parties who have been released, were arrested by the sheriff of Claiborne parish under warrants issued by the clerk of the district court in and for Claiborne parish, your said state, based on what was claimed to be a bill of indictment, copy of bill hereto annexed and made a part hereof, charging them with the offense of ‘Shooting in Private House,’ to which charge, they (the relators) pleaded not guilty and went to trial. The court found them guilty as charged. They thereon moved for a new trial, on the ground that the judgment or verdict was contrary to law. Copy of said motion is hereto annexed and made a part hereof.
“They show that while said motion for a new trial was pending, they found out there had been no charge presented to grand jury against them for this offense, that the grand jury had not found a bill against them, and that, as soon as this was found out, their attorneys prepared and offered to file a motion to quash and set aside the proceedings in said case. A certified copy of said motion and- affidavit is hereto annexed and made a part hereof.
“Relators show the court that the district attorney objected to the filing of said motion, on ground it came too late to set aside the proceedings, and also to the introduction of any evidence to show there had never been a bill found by the grand jury, which objections the court sustained and to which ruling the defendants reserved a bill of exception, all of which will be more fully shown by reference to certified copy of said bill hereto annexed and made a part of this petition.
“Relators show that said case is not appeal-.able, and that the only relief they have is to apply to your honorable court for writ of mandamus.
“They show that the Constitution of the state declares that all prosecutions for offenses shall be by bill of indictment or information. The text-writers tell us what a bill of indictment is’: That it is an accusation presented by the grand jury charging a party with the violation of some criminal statute.
“We submit that, if the grand jury has not had a presentment made to it, and it has not found a bill, the preparing of a bill by the district attorney and the foreman of the grand jury, indorsing the same ‘A true Bill,’ and signing it as foreman of the grand jury, does not cut the accused off from pleading and showing that no such bill was found .by the grand jury, such proceedings are an absolute nullity and can be taken advantage of at any stage of the proceedings that it may come to the knowledge of the accused prior to sentence. After sentence, their relief is through the board of pardons, but in cases of this nature the sentence will be executed before the necessary proceedings can be had to get relief through the *452 board of pardons. Therefore by mandamus is the only relief that can be had.
“We submit that the ruling of the court in refusing to permit the motion to set aside the proceedings, to be filed and tried, is error; the grounds on which he bases his. ruling do not apply to the grounds set up in this motion; the cases referred to by him are upon grounds that are relative nullities—that is, must be taken advantage of at certain stages of the proceedings—while the ground set up in this proceeding is an absolute nullity, and can be taken advantage of at any time the facts may become known to the accused, and it is depriving an accused of his constitutional rights: ‘No person shall be deprived of life, liberty or property except by due process of law.’ It Is not only legal • and right that an accused should be permitted to establish before the court the absolute nullity of the proceedings being had against him, but it is the legal duty ■of the judge presiding, if it is brought to his knowledge that there is a claim even of the absolute nullity of the proceedings, on his ■own motion, to have the claims investigated, and, should he find that the prosecution is an ■absolute nullity, to quash and dismiss the proceeding. The court refuses to even permit the filing of the motion or to receive proof of the .■nullity. See State v. Sibley, 114 La. Ann. 416, 38 South. 403.
“Wherefore, relators pray, the premises and annexed affidavit considered, that a writ of mandamus do issue herein, directed to the Honorable J. E. Moore, judge of the third judicial district court for the parish of Claiborne, commanding him to have filed and allowed the motion to quash and set aside the proceedings in the case of State of Louisiana against Tobe Summerlin et al., No. 1,585, on the criminal ■docket of said court in said parish of Claiborne, as presented by the relators, and that he be ■also commanded to try said motion as prayed for by relators, and also prohibiting him and restraining him from proceeding further in said ■cause until further order of your honorable court, or that said Judge J. E. Moore show cause to the contrary, if any he can, and have on such a day and such an hour as this honorable court may assign, and, after due trial and proceedings had, that said writs be made peremptory and perpetual. * * * And for all •orders necessary in the premises, for costs, and for general relief.”
On reading and in consideration of this petition, it was ordered by this court that the district judge show cause why the writ prayed for should not be granted, and in the meantime and until further ordered the proceedings in the matter referred to there were ordered stayed.
The district judge showed for cause:
“That he did permit the motion to quash the indictment and annul the proceedings in this case to be filed, as is shown by the minutes of the court below and the filing of the motion itself on December 13, 1905. The motion was filed, however, as will be noted without prejudice to the right of the state to show it should not be filed.
“After hearing argument from counsel for the state and the defendant, the motion to quash the indictment and annul the proceedings was refused and disallowed without hearing evidence on same, on the ground that the motion came too late.
“This for the reason, first, that I considered the motion as being practically a motion to quash for a matter of extrinsic fact (Bishop’s New Criminal Procedure, § 763, notes 1 and 2), and that, being in its nature a motion to quash, it came too late after verdict (Bishop’s New Criminal Procedure, § 762; Clarke’s Criminal Procedure, pp. 363, 364, § 125).
“Second. Respondent further shows that on the 2d day of November, 1904, the grand jury of the parish of Claiborne as a whole returned the bill of indictment sought to be quashed into open court, consenting and agreeing that this, together with the other true bills returned, should be altered as to form, but as to substance remain unchanged.
“This is shown by the minutes of the court, and there is no claim that such is not the fact.
“The only evidence alleged on in the motion was the memoranda made by the grand jury in the course of its proceedings, a private document which no law requires to be kept and which is not authenticated in any way, and the evidence of the grand jurors themselves, and this evidence would be offered to impeach the minutes of the court, which minutes are the legal record and the record required by law to be kept of the finding and return of grand juries, and this when no attack was made on the minutes of the court.
“A duly certified copy of the original motion, with the indorsements and filing thereon and a copy of the indictment and minutes of the court,' is attached to and made a part of this answer.
“For the foregoing reasons and the law, respondent prays that the demand of the relators be refused, and this proceeding dismissed, and for general relief.”
The motion of relators which the court refused to entertain as being too late was filed on the 13th of December, 1905, and was as follows:
“Now come the defendants * * * for the sole purpose of filing their motion to quash the indictment in this case, to annul the proceedings had therein for the following reasons :
“The charge under which and for which they have been tried, convicted by the court, and the same is now in the hands of the court under *454 •advisement on an application fox- a new trial, the defendants have found out that said parties have never been indicted by the grand jury; that they were indicted in two cases, one fox-carrying concealed weapons, and the other for ■shooting with intent to murder, and for both crimes they were acquitted; that there was no charge presented to the grand jury for the •offense in this case; that the grand jury never voted on or found any bill for this offense; that all this will be more fully shown by 'ref•erence to the records kept by the grand_ jury now in the possession of the clerk of the district court for this parish, which are hereby referred to and made a part of this motion, and, if allowed to introduce evidence of the members of the grand jury, the above facts can, In addition to the record, be shown by them.
“Defendants show that neither they nor their attorneys knew of the above facts until after the case had been tried, verdict rendered, and motion for new trial had been filed, argued, and submitted.
“Defendants show that the preparing of said Indictment by the district attorney, the signing of the same by the foreman, is an error, and made through mistake, and should be quashed, annulled, and the proceedings set aside and defendants discharged.
“Wherefore they pray that this motion be sustained, and the accused discharged, and for all orders necessary in the premises.”
The indictment on which relators were tried is regular and perfect in form. It is signed by the district attorney and indorsed a “true bill” by the foreman of the grand jury.
A minute entry of November 2d recites that the grand jury came into open court and returned the following eight bills and agreed that they should be changed as to matter of form, but as to matter of substance they should remain unchanged. The court ordered them to be filed, numbered, warx-ants to issue thereon, and bond on each bill to be fixed as indicated by the court; the sheriff to take and approve the same. Among the bills so returned is recited that of State v. Tobe Summerlin et al. “Shooting in Private House.”
Case No. 1,585, as shown by minute entries, was consolidated and tried with Nos. 1,582, 1,587, 1,586, and the accused in 1,585 were found guilty. On November 18th a motion for a new trial was filed, tried, and submitted, and agreement made that it should not be taken into consideration until the next term of court.
On December 13th a motion to quash and annul proceedings had in the case was filed by defendants’ counsel without px-ejudice to the right of the state to show it should not be filed.
On December 20th the motion to quash and annul proceedings was refused and disallowed without receiving evidence on same on the ground that motion came too late. The minutes do not show that any amendment of the indictment was asked or made; nor do they show that at any stage of the proceedings was a motion made to have the minutes altered or corrected in any way.
Opinion.
After invoking the supervisory power of this court to prevent their suffering (as they declared) irreparable injury in an unappealable ease, relators have filed no brief and thrown upon us the task of examining the authorities to ascertain whether their complaint be well founded or not. Under the circumstances we would be justified in dismissing the proceedings as having been abandoned. We have, however, concluded to examine the record and pass upon the issues as presented.
We think the relators have no legal nor just cause for complaint, whether we consider the motion filed by the relators on March 10th as a motion to quash or as a motion in arrest of judgment
As a motion to quash, it was made too late, having been filed after verdict. By the weight of authority it is a motion addressed to the discretion of the court, and its ruling thereon is rarely reviewable. In this particular case, the inability of relators to introduce testimony on their motion was the consequence of the court’s ruling—after hearing all parties—that it was filed too *456 late. A motion in arrest is one leveled at errors apparent on tlie face of the record. Relators do not pretend that their motion could be sustained unless evidence should be received in support of it. The evidence which the relators sought to introduce was evidence to contradict and attack the record. As we have said, the assertion made in relators’ application that the grand jury had not found a bill against them is directly negatived ■ by the copy of the indictment annexed to the judge’s answer, and the jury itself returning into court with it.
The application for a writ of prohibition was evidently intended to be an application for a stay of proceedings in the suit against the relators, and not a demand for a technical prohibition. So far from contesting the authority of the court to take action in that suit, the authority of this court is prayed for to compel him to do so. Obviously, there is no ground for mandamus, as the judge has acted upon the matters submitted to him, and has not refused to do so.
Whether or not his opinion was correct was another matter.
Relators applied by supplemental petition for a writ of certiorari. We have several times declared that the supervisory jurisdiction of this court, under article 101 of the Constitution of 1898, extended over criminal as well as civil courts, but in the case of State ex rel. Satcho v. Judge, 49 La. Ann. 231, 29 South. 690, we announced limitations upon the exercise of that power.
The supervisory authority conferred upon us ’by the Constitution is very broad, and we would exercise it promptly in order to prevent a very evident and exceptional denial of justice; but we do not think that this case presents anything calling for unusual action.
It is a complaint made, after parties have been tried upon a specific criminal charge (which the district attorney was authorized to have filed by information) by a petit jury and found guilty by that body, that the grand jury which presented the charge had not, in point of fact, done so.
When matters have gone so far, the finding of the grand jury, as the basis of the accusation, has no special weight.
After full consideration of the case, we have reached the conclusion that relators have made no such showing as would justify an interposition on our part in their favor.
■For the reasons assigned, it is hereby adjudged and decreed that the orders herein-before issued be set aside, and that relators’ application herein be dismissed, at their costs.