(49 South. 201.)

No. 17,530.

STATE v. SHEPHERD et al.

(April 12, 1909. Rehearing Denied May 10, 1909.)

1. CRIMINAL LAW (§ 972*)—MOTION IN ARREST.

On a motion in arrest nothing can be considered except errors patent on the face of the record. A defect which appears only by the evidence cannot be the subject of such a motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2423; Dec. Dig. § 972.*]

2. CRIMINAL LAW (§ 1090*)—APPEAL—BILL OF EXCEPTIONS.

A motion for a new trial, or any other motion based on evidence, cannot be reviewed on appeal on matters of law only, in the absence of a bill of exception, though both the ruling and the evidence be in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803–2827; Dec. Dig. § 1090.*]

(Syllabus by the Court.)

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

John Shepherd and others were tried for selling liquor to minors. Shepherd was discharged, and Joe Di Magio was found guilty, and moved in arrest of judgment. From an order denying the same, he appeals. Affirmed.

Paul Percy Viosca, for appellant. St. Clair Adams, Dist. Atty., and Warren Doyle, Asst. Dist. Atty., for the State.

LAND, J. John Shepherd and Joe Di Magio were charged with selling malt liquor to minors, contrary to the statute of the state of Louisiana in such case made and provided.

The defendants were tried, and Shepherd was discharged, and Joe Di Magio was found guilty.

Di Magio moved in arrest of judgment on the ground that section 6, Act No. 176, p. 239, of 1908, under which he was prosecuted on the charge of selling liquors to minors, does not apply to an employé, such as this particular defendant was.

The motion in arrest, so called, was overruled by the court for reasons assigned in a written opinion which we find in the record, in which it is stated that Shepherd, the proprietor, was not present when the liquor was sold, and had previously instructed Di Magio not to sell liquor to minors. The opinion continues as follows:

"Having serious doubt of the guilt of Shepherd, he was discharged, and Di Magio, who was in charge of the saloon, was found guilty. The contention of counsel is that the proprietor should have been found guilty, and not the barkeeper."

The court after repeating that Di Magio was in charge of the place and represented the proprietor, expressed the opinion that section 6 of act 176 of 1908 was applicable to the accused, and therefore overruled the motion, and sentenced him to pay a fine of $50, and in default of payment to serve a term of 30 days in the prison. Di Magio moved for and was granted an appeal to the Supreme Court, as provided in the last paragraph of section 2, Act No. 83, p. 97, of 1908. reading as follows:

"Appeals from said court shall be allowed upon matters of law only, and shall be direct to the Supreme Court of the state."

The motion filed below is not a motion in arrest, but a motion for a new trial on the ground that Di Magio was not the proprietor of the barroom, but a mere employé. The question raised by the motion was whether the particular statute applied to a barkeeper who had in fact sold the intoxicating liquor to the minor.

On a motion in arrest nothing can be considered except errors patent on the face of the record. A defect which appears only by the aid of testimony cannot be the subject of such a motion. State v. Kline, 109 La. 603, 33 South. 618.

This court cannot review an alleged erroneous ruling on a motion for a new trial, or any other motion based on evidence, in the absence of a bill of exception.

"And this is true, though both the rulings and the evidence are in the record." Marr's Crim. Jurisprudence of La. pp. 826–829.

Judgment affirmed.