MONROE, J.
Defendant has appealed from a conviction on both counts of a bill of information charging him with unlawfully keeping a grog and tippling shop and with retailing spirituous and intoxicating liquor; the retailing consisting, as set forth in a bill of particulars, of the sale of a bottle of whisky through one Marchata, as agent.
Alphonse Marchata, a witness for the state, having testified that he knew something of *846 the defendants having operated a grog and tippling shop on November 8, 1912, was asked:
“Did you purchase any whisky from Alfred Tufanio, and, if so, how much?”
To which defendant’s counsel objected on the ground:
“That the bill of information, taken together with the bill of particulars, charges a conspiracy, to commit this act, and that no statement or declaration on the part of this witness, being a party to the conspiracy, can have any effect towards proving the guilt of defendant, Alfred Tufanio, until conspiracy is proven by testimony or evidence aliunde this witness.”
Counsel was probably thinking of statements said to have been made by one alleged conspirator out of the presence of the other, but without deciding whether there is here any charge of conspiracy, and whether such objection would be good if there were, the question objected to was not calculated to elicit any such statement, but was intended to elicit testimony in support of the charge, contained in the first count of the bill, to wit, keeping a grog and tippling shop. It was therefore properly allowed.
[1] Henry A. Reid, a state witness, was asked (quoting from the bill of exception):
“Now, on that date, state what you know, of your own knowledge, with reference to Alphonse Marchata getting a bottle of whisky from Alfred Tufanio. See Minute of Evidence, page 18, attached hereto, stating that he desired to prove up upon the grog and tippling shop count of the bill of information, and the question is asked for that purpose.’*
To which counsel for defendant objected:
“For the reason that the testimony sought to be elicited from the witness is irrelevant, as the state has proceeded to introduce evidence upon the retailing charge, on the date alleged, and has elected to proceed on that charge, and, by law, is held to limit its testimony to that particular sale; any other sale is inadmissible; the testimony is not responsive nor shown to be in connection with the sale set out in the bill of information.”
The trial judge properly held that, by filing a bill of particulars, specifying a particular sale, as the basis for the charge of retailing, the state had not abandoned the charge of keeping a grog and tippling shop, and that the evidence sought to be elicited was admissible in support of that charge.
Other bills based upon the same grounds were taken to the overruling of motions to strike out testimony and for new trial; newly discovered evidence being set up additionally in support of the motion last mentioned, and consisting of an affidavit by a proposed witness to the effect that the state witness Reid (who is the sheriff) could not see defendant from the place from which he testified that he saw him.
The trial judge held that the statement of the proposed witness, amounting rather to an opinion, could not outweigh the positive testimony of the sheriff, and we see no reason to dissent from that view.
[2] Another bill was reserved to the overruling of a motion in arrest of judgment, in which motion it is set up, as the bill recites:
“That the bill of information and bill of particulars filed in truth charged a conspiracy against defendant, acting through Marchata; that Marchata took the stand and testified, on behalf of the state, to alleged sales of whisky made through him by defendant, over the objection of defendant that, a conspiracy being, charged, it must be shown aliunde the testimony of a co-conspirator: that said Marchata was in jail charged with the same offense and had never been tried or case against him nolle prosequied prior to his taking the stand; and that defendant being charged with a conspiracy and tried separately, and his joint conspirator Marchata not having been tried, defendant is entitled, under the law, t'o have his sentence suspended until said Marchata is tried and convicted.”
The trial judge ruled that the motion in arrest could not reach the error complained of, since it is not patent upon the face of the record, and moreover that the state had neither charged conspiracy nor attempted to prove it, and we affirm the ruling. The theory of the charge of conspiracy has nothing to rest on save the bill of particulars, which says that:
“The state expects to prove that defendant * * * made the sale alleged to have been *848 made through Alphonse Marchata; that is to say, the liquor was delivered to Alphonse Marchata and by him delivered to the party desiring the same.”
The bill of information, in the second count, charges the retailing of liquor “by defendant; the retailing * * * consisting in the sale of one-half pint of whisky.”
From the testimony to which the bills refer, it appears that Marchata was sent by two other persons to buy whisky for them and that he bought it from defendant. The intention of the bill of particulars was therefore (perhaps) to charge that defendant had made the sale through Marchata, acting for the person who sent him. However that may be, all that the state ^attempted to prove was that the sale had been made to Marchata, which attempt was made in support, not of the charge of retailing, but of keeping a grog and tippling shop, upon which alone defendant was convicted and sentenced.
Judgment affirmed.