(80 South. 213)

No. 23156.

STATE v. HOWARD.

(Dec. 2, 1918.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞957(3) — VERDICT — IMPEACHMENT—STATEMENTS BY JUROR.

Statements by a juror in a criminal case, whether made in the jury room, while the case is under consideration, and offered to be proved by his fellow jurors, or made after the finding,

144 LA.—4

and offered to be proved by nonjurors, are equally inadmissible for the impeachment of the verdict.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Jack Howard was convicted of murder, and he appeals. Affirmed.

Peyton R. Sandoz, of Opelousas, for appellant.

A. V. Coco, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (V. C. Coco, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant appeals from a sentence of imprisonment at hard labor for life, after a trial upon a charge of murder and a conviction, without capital punishment. He relies upon a bill of exceptions to the overruling of a motion for new trial, which contains the recitals:

That Joseph Vargas, who served on the jury by which defendant was convicted, had, on his voir dire, so answered the following questions as to convince counsel for defendant that he was a competent juror and lead to his acceptance, in the belief that he had answered truthfully, whereas he had answered falsely and was, in fact, incompetent, to wit:

"(1) Would the fact that defendant is a colored man and is charged with having killed a white man militate against him, in your mind, as a juror?

"(2) Are you conscious of any bias or prejudice in your mind against the colored race as a whole, or the defendant in particular, which would prevent you from giving him full justice, as a juror, notwithstanding the fact that he is a negro and is on trial for killing a white man?

"(3) Would you acquit a negro for killing a white man as readily as you would a white man for killing a negro, on the same statement of facts?"

That, on the hearing of the motion for new trial, defendant tendered four of the mem-

bers of the jury which had convicted him to prove that, while the jury was in the jury room, deliberating for the purpose of arriving at a verdict, Vargas made the statement:

"I am going to join in the verdict" (of guilty, without capital punishment), "but, if the defendant were a white man, I would stay here until hell freezes over for acquittal. I would not, and I don't believe you would" (meaning the other jurors) "convict the accused on that evidence, if he were a white man."

That he tendered two other witnesses, who had not served on the jury, to show that, just after the verdict had been found and the jury discharged, said Vargas made the following statement, to wit:

"I wasn't going to hang the jury for the sake of a damned negro, but, if he had been a white man" (meaning the defendant), "I would have held out until hell froze over for acquittal."

That the testimony so offered was objected to by the district attorney, on the ground that "no testimony could be heard to impeach the verdict of the jury." That counsel for defendant called the attention of the court to the fact that the testimony was not offered for the purpose of impeaching the verdict, but for the purpose of showing that the juror was incompetent, had answered falsely on his voir dire, and was biased and prejudiced against the accused, because he was a negro. That the objection was, however, sustained, and the bill reserved. Clearly, the purpose was to prove, by witnesses who had served on the jury, that one of their number, while the case was under submission and consideration by them, had made a statement, in the presence of the other jurors, showing that he was incompetent, by reason of prejudice, to serve on the jury or participate in the verdict, and hence that the verdict which they and he agreed on was void and should be set aside; and to prove by other witnesses, nonjurors, that the same juror had made a similar statement, outside of the jury room and after the finding of the verdict, thereby, in effect, destroying the verdict in the finding of which he had just participated. The impeachment of the verdict therefore goes back to the statement of one of the jurors, in the jury room, before the finding of the verdict, and out of the jury room, after the finding; and, under settled jurisprudence, is not admissible. State v. Price, 37 La. Ann. 218; State v. Bird, 38 La. Ann. 497; State v. Richmond, 42 La. Ann. 299, 7 South. 459; State v. Ferguson, 114 La. 78, 38 South. 23; State v. Barrett, 117 La. 1091, 42 South. 513; State v. Labry, 124 La. 754, 50 South. 700; State v. Cloud, 130 La. 955, 58 South. 827, Ann. Cas. 1913D, 1192; State v. Harp, 133 La. 1010, 63 South. 500; State v. Edwards, 135 La. 531, 65 South. 634; Marr's Cr. Jur. of La. 718; 12 Cyc. 749.

The judgment appealed from is, therefore, Affirmed.