BRUNOT, J.
 

 The accused was indicted for murder. He was arraigned, pleaded not guilty, and was tried, found guilty as charged, and sentenced to sutter the death penalty. From the verdict and sentence, he appealed.
 

 There are two bills of exception in the record. One was reserved to the overruling of a inotion ahd supplemental motion for a new trial, and the other to the overruling of a motion in arrest of judgment. The motion in arrest of judgment, however, is based upon the averments of defendant’s motions for a new trial. We will, therefore, consider it •first.
 

 In this motion defendant frankly admits that the errors alleged therein do not appear upon the face of the record. We quote from the motion the following averment: “Respondent avers further that the errors complained of do not stand upon the face of the record but remain to be disclosed,” etc.
 

 Article 517 of the Code of Criminal Procedure is as follows: “A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record.”
 

 The rule that a motion in arrest of judgment reaches only defects patent on the face of the record, and cannot be aided by evidence, has been uniformly applied by this court since 1843. State v. Nolan, 8 Rob. 513; State v. Arthur, 10 La. Ann. 265; State v. Addison, 15 La. Ann. 185; State v. Swift, 14 La. Ann. 827; State v. Hardin, 25 La. Ann. 369; State v. Washington, 28 La. Ann. 129; State v. Harris, 30 La. Ann. 90; State v. Crawford, 32 La. Ann. 526; State v. Watson, 34 La. Ann. 669; State v. Miller, 36 La. Ann. 158; State v. Chandler, 36 La. Ann. 177; State v. Green, 36 La. Ann. 185; State v. White, 37 La. Ann. 173; State v. Roland, 38 La. Ann. 18; State v. Pete, 39 La. Ann. 1095, 3 So. 284; State v. Green, 42 La. Ann. 644, 7 So. 793; State v. Casey, 44 La. Ann. 969, 11 So. 5S3; State v. Washington, 104 La. 443, 29 So. 55, 81 Am. St. Rep. 141; State v. Colomb, 108 La. 253, 32 So. 351; State v. Kline, 109 La. 603, 33 So. 618; State v. Brown, 111 La. 170, 35 So. 501; State v. Foley, 113
 
 *137
 
 La. 206, 36 So. 940; State v. Summerlin, 116 La. 449, 40 So. 792; State v. Moore, 119 La. 564, 44 So. 299; State v. Ryan, 122 La. 1095, 48 So. 537; State v. Shepherd, 123 La. 581, 49 So. 201; State v. Fink, 127 La. 190, 53 So. 519; State v. Tufanio, 132 La. 843, 61 So. 844; State v. Hart, 133 La. 5, 62 So. 161.
 

 The defendant’s motion for a new trial alleges that the verdict of the jury is contrary to the law and the evidence; that the accused was tried by a prejudiced jury; that, for the purpose of showing motive, the state was permitted to prove a crime other than the one for which the accused was on trial; that, under the circumstances of the case and the gravity of the charge, every discretionary power of the court should have been given to the accused; and that, during the trial, the defendant learned of a material witness whose presence it was impossible for him to obtain for the trial of the case.
 

 The first allegation of the motion, viz. that the verdict is contrary to the law and the evidence, presents nothing for review. State v. Walters, 145 La. 209, 82 So. 197.
 

 The allegation that the accused was tried by a prejudiced jury is based upon an alleged statement made by one of the jurors, after the trial, to counsel for the accused.
 

 It is the rule in Louisiana that a member of a jury is not permitted to impeach the jury’s verdict. In the case of State v. Howard, 144 La. 97, 80 So. 213, this court held as follows (quoting from syllabus):
 

 “Statements by a juror in a criminal case, ■whether made in the jury room, while the case is under consideration, and offered to be proved by his fellow, jurors, or made after the finding, and offered to be proved by non-jurors, are equally inadmissible, for the impeachment of the verdict.”
 

 The Howard Case is merely a restatement of the jurisprudence of Louisiana. State v. Price, 37 La. Ann. 218; State v. Bird, 38 La. Ann. 497; State v. Richmond, 42 La. Ann. 299, 7 So. 459; State v. Ferguson, 114 La. 78, 38 So. 23; State v. Barrett, 117 La. 1091, 42 So. 513; State v. Labry, 124 La. 754, 50 So. 700; State v. Cloud, 130 La. 955, 58 So. 827, Ann. Cas. 1913D, 1192; State v. Harp, 133 La. 1010, 63 So. 500; State v. Edwards, 135 La. 531, 65 So. 634; Marr’s Cr. Jur. 718.
 

 In this case the court did not err in permitting proof of another crime to show motive for the homicide.
 

 Not many days previous to the homicide, the accused had held up and robbed a citizen of the community, and, at the time of the homicide, was a refugee from justice. The state was permitted to prove the robbery, as showing the accused’s motive for killing the officer, who, at the time of the killing, was trying to arrest him.
 

 "This court has consistently held that there are exceptions to the rule that no evidence is admissible of distinct offenses committed by the defendant, when it is material to show the intent of the accused, or his motive for the crime charged. State v. Anderson, 45 La. Ann. 651, 12 So. 737; State v. Williams, 111 La. 179, 35 So. 505.
 

 The allegation that, because of the gravity of the charge, the court should exercise all of its discretionary powers in the interest of the accused, presents nothing for review.
 

 
 *139
 
 It Is averred that during the trial the defendant learned that, about the time of the homicide, a physician of El Dorado, Ark., examined his head and found a wound thereon. This is the alleged newly discovered evidence relied upon by the defendant for obtaining a new trial.
 

 The defendant was indicted, arraigned, and pleaded to the charge in April, 1931, but was not tried until November, 1931. He knew more than seven months before the trial whether or not a nonresident physician had examined him and found a wound on his head. It does not appear that he made any attempt to secure the presence of the physician at the trial. It appears that the defendant testified, in his own behalf, to the time when he received the wound on his head, and to the ■circumstances under which, and by whom, the wound was inflicted. It is clear that there is no element of newly discovered evidence here; that defendant’s alleged witness resides in an adjoining state, beyond the jurisdiction of the court; and, if the evidence of the said witness was before the court, it would be merely cumulative.
 

 The discretion of trial judges in passing upon motions for a new trial upon the ground of newly discovered evidence will not be interfered with on appeal, unless it clearly appears to have been exercised in an arbitrary or unjust manner. Volume 2, La. Dig. pp. 666, 667.
 

 The judge properly overruled the motion for a new trial. •
 

 For the reasons stated, the verdict and sentence are affirmed.