(42 South. 327.)

No. 16,143.

DE RENZES v. HIS WIFE.

(Nov. 12, 1906.)

1. APPEAL—JUDGMENT—AFFIRMANCE.

This court has jurisdiction of an appeal from a judgment on a rule to tax costs for which, on a previous appeal a litigant has been condemned; but, if the defendant in such rule has not been cited, the judgment dismissing the same will be affirmed.

2. SAME—JURISDICTION.

This court has no jurisdiction of an appeal from a judgment on a rule to tax costs, as against a surety on a bond for costs taken in a suit for divorce, after the discontinuance of such suit, in the absence of any appeal from the judgment of discontinuance (or nonsuit), and where the amount involved is below the jurisdictional limit.

3. JUDGMENT—COLLATERAL ATTACK.

A discontinuance (or judgment allowing a discontinuance) is not open to collateral attack as an absolute nullity because it fails to condemn the plaintiff and his surety for the costs of the suit.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Robert De Renzes against his wife. Rule against plaintiff to show cause why costs should not be taxed. Judgment dismissing the rule for costs appealed, and appeal from the part of the judgment dismissing the rule as to the surety dismissed.

See 39 South. 805, 115 La. 675, 2 L. R. A. (N. S.) 1089.

John Taylor Whittaker, for appellant. Hall & Monroe, for appellee.

Statement of Case.

MONROE, J. Plaintiff sued his wife for a divorce, and at the instance of the curator ad hoc appointed to represent the defendant, who resides elsewhere, gave bond for costs in the sum of $50. He obtained judgment, and his wife appealed to this court, where the judgment so obtained was annulled and the case remanded to be further proceeded with, "plaintiff to pay the costs of appeal."

Thereafter, in January, 1906, the curator ad hoc filed in the court a qua a rule to compel plaintiff to furnish an additional bond for costs, which rule was returned not served. On February 8, 1906, the case, being called for trial, was continued indefinitely, and on the next day the following motion, order, etc., was entered upon the minutes:

"On motion of Harry H. Hall, of counsel for plaintiff, it is ordered that this suit be discontinued.

"New Orleans, February 9, 1906.

"This suit is discontinued by reason of the fact that Robert Palestine De Renzes, plaintiff, herein, wrote to me from Cincinnati, Ohio, on the 6th day of November, 1905, stating that he would leave that day for England and would return to New. Orleans in about 50 days. Since that time, I have heard nothing from him, and believing from information received, that he will not return to New Orleans, and because I have not his address, I discontinue this suit to avoid a dismissal thereof, or possibly an adverse judgment.

"[Signed]         Harry H. Hall, Atty."

On March 7th, 1906, the curator ad hoc filed a rule, under the title and number of the original case, as follows:

"On motion of John T. Whittaker, curator ad hoc for defendant herein, and showing to the court that Harry H. Hall has obligated himself in writing, as surety for costs in this suit, for the sum of $50, and on further showing that this suit was discontinued by plaintiff's attorney; that the court costs paid by defendant, including costs of appeal to the Supreme Court, amounted to $68.10, and should be taxed against plaintiff and his sureties; and that the fee of the curator ad hoc in this suit should also be fixed by the court and taxed as part of the costs. It is ordered that Robert P. De Renzes, plaintiff herein, and Harry H. Hall, surety for costs, show cause why the costs, amounting to $68.10 paid out by defendant herein, and the amount that may be fixed by the court as curator's fee, should not be taxed as due by the plaintiff, and that there be judgment against Robert P. De Renzes for the full amount of said costs, and against Harry H. Hall in the sum of $50, as surety for said costs, and that said principal and surety be condemned in solido for the costs of this rule."

The sheriff returned that he was unable to serve this rule on De Renzes, and the other defendant (Hall) excepted that such a rule would not lie against him, a surety, without a previous judgment against his prin-

cipal, or unless served on both, and he testified that, when the rule for an additional bond for costs was taken, he told the curator that if he would allow the matter to remain in abeyance for a month he (Hall) would discontinue the suit, unless, in the meanwhile, he ascertained that plaintiff would return to this country, and that on February 9, 1906, he discontinued, accordingly. He further testified that his relations with plaintiff had been severed; that he had heard nothing from him, but understood that he had left this country permanently; and that he was not authorized to represent him for the purposes of the rule. It was shown, upon the other hand, that the costs expended on behalf of the defendant amounted to $61.70, and after hearing there was judgment dismissing the rule, from which judgment the curator prosecutes this appeal.

### Opinion.

There was no attempt in the district court to obtain a review of the action of that tribunal whereby the pending suit was ordered to be discontinued. On the contrary, in the rule which is brought up by the present appeal, the curator alleges the discontinuance as a fact. Nor has the curator appealed from the order, or judgment, of discontinuance; the motion for appeal being confined in its application to the judgment rendered on the "rule to tax costs." It follows that the judgment of discontinuance, or "voluntary nonsuit" (State ex rel. Administrator v. Judge, 48 La. Ann. 460, 19 South. 256), had terminated the suit for divorce nearly a month before the rule to tax costs was filed (Gilbert et al. v. Nephler & Boyle, 15 La. 59; Gilbert et al. v. Meriam, 2 La. Ann. 160). And it also follows that, the suit for divorce having ceased to exist, an appeal will not lie to this court from a judgment, subsequently rendered by the district court, solely upon the question of the costs recoverable under the judgment of discontinuance, where the amount involved is less than $2,000. Freie v. Lubin, 107 La. Ann. 79, 31 South. 634; Muntz v. Jefferson Ry. Co., 114 La. Ann. 860, 38 South. 586. It is true that by its judgment on the previous appeal this court condemned the plaintiff to pay the costs of that appeal, and, being vested with jurisdiction to regulate and enforce the execution of its own judgments, it has jurisdiction of the present appeal to the extent that it may involve the liability of the plaintiff for those costs. But, so far as the plaintiff is concerned, the rule now before the court was returned "not served," and was, therefore, properly dismissed. Upon the other hand, the surety was not condemned on the previous appeal, and, this court having no judgment of its own, against him, to regulate or enforce, has no jurisdiction of the present appeal, because, as to him, there is nothing presented by it save the question of his liability on the bond for costs, and the amount involved is below the limit at which the appellate jurisdiction of the court attaches. Counsel for appellant calls our attention to the law, which reads:

"That, in all cases, the surety for costs shall be considered a party to such suit or proceeding and shall be condemned for the amount of costs recoverable, in solido with the party cast in the final judgment in such proceeding." Act No. 136, p. 190, of 1880, § 4.

And he argues that, inasmuch as the judgment of nonsuit (or discontinuance) fails to condemn the surety, it must be regarded as a nullity. It does not follow, however, that because the judgment of a court of competent jurisdiction may be erroneous, and might be reversed on appeal, it is therefore open to collateral attack as an absolute nullity. Moreover, on the rule which is brought up by the present appeal, the appellant (plaintiff in rule) does not proceed upon the theory of the nullity of the judgment of discontinuance. On the contrary,

he alleges that "this suit was discontinued," which is as much as to say that the discontinuance is valid and effective.

We therefore conclude that, in so far as the judgment appealed from dismisses the rule for costs as to Robert P. De Renzes, it is correct, and must be affirmed, and that, in so far as said judgment dismisses said rule as to Harry H. Hall, surety, the appeal must be dismissed for want of jurisdiction in this court; and it is so ordered.