(65 South. 738)

No. 20604.

STATE v. JOHNS.

(June 8, 1914.)

(Syllabus by the Court.)

1. CRIMINAL LAW (§ 656*) — CONDUCT OF COURT—EXPRESSION OF OPINION.

Although the district judge may properly state, in the presence of the jury, his reasons for admitting or excluding evidence in a criminal case or state the purpose for which the evidence is offered or admitted, he should not express his opinion upon a question of fact which they have to decide, or intimate to the jury that a witness for the state is worthy of belief or that a witness for the defense is unworthy of belief.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1524–1533; Dec. Dig. § 656.*]

2. CRIMINAL LAW (§ 655*) — CONDUCT OF COURT—REPRIMANDS.

It is error for a district judge to reprimand the defendant's attorney or witnesses in

the presence of the jury, in the trial of a criminal case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1520–1523, 1527, 1535; Dec. Dig. § 655.*]

*(Additional Syllabus by Editorial Staff.)*

3. WITNESSES (§ 351*)—IMPEACHMENT—PRIOR CONTRADICTORY STATEMENTS.

In a rape case, testimony that prosecutrix had stated that defendant was innocent was improperly excluded on an objection that no proper foundation had been laid to impeach prosecutrix by proof of a prior contradictory statement, where, on cross-examination, she had denied making such statement and on redirect examination had given testimony reflecting on the honesty and veracity of the witnesses whose testimony was excluded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1150, 1151; Dec. Dig. § 351.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Joseph B. Lancaster, Judge.

William Johns was convicted of assault with intent to commit rape, and appeals. Reversed and remanded.

Carter & Carter, of Franklinton, for appellant. R. G. Pleasant, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (G. A. Goudran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant was indicted and tried for the crime of rape, was convicted of an assault with intent to commit rape, and sentenced to five years' imprisonment in the state penitentiary, from which verdict and sentence he has appealed.

For convenience we will pass from a consideration of the first bill of exceptions to the second, third, and fourth, which refer to a series of incidents in the trial.

[3] When the prosecutrix had testified that the defendant committed rape upon her, and the state's case was closed, the defendant's counsel called a witness, John Stewart, and propounded this question to him:

"Mr. Stewart, did you hear Mattie Young, the prosecutrix, at or near the well this morning, make the statement that Will Johns did not commit rape upon her, and that she would go upon the stand and testify to it if she was not afraid she would get into trouble?"

The district attorney objected to this question and the answer sought to be elicited on the ground that a proper foundation had not been laid to impeach the state's witness by proof of a former contradictory statement. The objection was sustained, and the defendant's counsel reserved bill of exceptions No. 2.

We are unable to see the reason upon which the judge ruled that the proper foundation was not laid for the impeachment of the state's witness, Mattie Young. For, although it is not stated in this bill of exceptions that she was asked, on cross-examination, whether she had made the contradictory statement to the witness Stewart at the time and place stated in the question propounded to Mr. Stewart, it is stated by the judge in his per curiam in the bill of exceptions No. 3 that she was cross-examined upon this subject, and denied the statement; and the judge further states that, on redirect examination by the district attorney, the prosecutrix went on to say that the witness John Stewart and a Mr. Cooper had approached her at the well near the courthouse a short time before the trial and "questioned and cross-questioned her as to what she would testify to, * * * and tried to persuade her to testify that the defendant did not rape her," and that she reported this to the district attorney and asked him if she would get into trouble if she testified as Messrs. Stewart and Cooper tried to persuade her to testify.

When the prosecutrix denied having made the contradictory statement attributed to her, the defendant had the right to introduce evidence to impeach her testimony. And when, on redirect examination by the district attorney, she gave testimony reflecting upon the honesty and veracity of the defendant's witnesses, the defendant had a greater right to introduce these witnesses' testimony to contradict her than if her testimony

in this regard had been given only on cross-examination. The right to contradict the evidence of a witness for the state is greater with regard to evidence brought out by the district attorney in his examination than with regard to evidence brought out on cross-examination. For example, in the case of evidence brought out by the district attorney in his examination of a witness for the state, the rule that the facts must be material and relevant does not apply.

[1] The district judge recites, in his per curiam annexed to the bill of exceptions No. 3, that he was convinced that the prosecutrix told the truth when she swore that the witnesses Stewart and Cooper had tried to persuade her to testify falsely; "and to have the audacity to attempt to impeach her testimony by the very witness who approached her was more than the decency and uprightness of the court could stand for," says the learned judge.

[2] In refusing to permit the defendant's witness Stewart to contradict the prosecutrix with regard to the conversation at the well, the judge rebuked these defense witnesses rather severely in the presence of the jury, and thus gave rise to bill of exceptions No. 3. The judge's statement of what occurred in the presence of the jury is as follows:

"Counsel for defendant, on cross-examination of the prosecutrix, Mattie Young, attempted to impeach her evidence by asking her if she did not state to Mr. Stewart and Mr. Cooper, defense witnesses, that the defendant did not commit rape upon her, and that she would go upon the witness stand and testify that he had not raped her if she was not afraid of getting into trouble. Counsel utterly failing to lay any foundation for the introduction of the evidence to impeach, when he attempted to impeach her testimony by the witness Mr. Stewart, on the objection of the district attorney, I excluded the evidence of Mr. Stewart, as shown and set forth in bill of exceptions No. 2.

"On redirect examination of the prosecutrix, Mattie Young, by the district attorney, upon the fact that she had made some statement to the defense witnesses Messrs. Stewart and Cooper, it developed that these two gentlemen not only questioned this state witness, Mattie Young, as to what she would testify to, but tried to persuade her to testify that the defendant did not rape her.

"The redirect examination of this witness developed the further fact that she went to the district attorney and told him about the conversation these two defense witnesses Stewart and Cooper had had with her, and asked him if she would get into trouble if she did as they asked her to do.

"All of these facts were testified to in the presence and hearing of the jury and unobjected to by the defendant. The facts thus developed on the redirect examination of this witness, Mattie Young, were so patent on their face that a deliberate attempt had been made to induce this witness to testify falsely, and, failing in this, to have the audacity to attempt to impeach her testimony by the very witness who approached her was more than the decency and uprightness of this court could stand for."

We interrupt the quotation here to say that, when the district judge concluded that all of the facts had been developed by the testimony of the prosecutrix and refused to permit her evidence to be contradicted, he failed to observe that it is the province of the jury, and not of the judge, to pass upon the facts and the sufficiency and effect of the evidence in a criminal case.

Continuing from the place where we interrupted the judge's statement he proceeds to say:

"Both Cooper and Stewart testified for the defendant upon inconsequential facts, and, by the witness Stewart, this woman's testimony was attempted to be impeached. Neither one denied this woman's statement made by her on her redirect examination. Neither one denied that a proposition was made to her to testify that the defendant had not raped her. Neither one denied that they had practically cornered this woman and ascertained what she would testify to, for no other purpose than to get an opportunity to impeach her evidence."

We again interrupt the statement of the judge to suggest that the reason why Mr. Stewart did not contradict the testimony of Mattie Young was that the judge would not permit him to contradict her because, as the judge thought, the proper foundation had not been laid. The defendant's counsel must have assumed that the same ruling would have been made to the evidence of the witness

Cooper, if he had offered to contradict or impeach the testimony of the prosecutrix.

Continuing where we interrupted the judge's statement, he proceeds thus:

"Added to this was my absolute knowledge that this identical method to impeach the main state witnesses had been employed in every criminal case tried in the two weeks' session of the court, with the possible exception of three or four cases. This case was the last case to be tried at this term of court. The attempt in the instant case was the 'last straw,' and was so open and barefaced that I felt it my bounden duty to denounce methods and practice of this kind.

"I did say that the custom of white men cornering state witnesses and questioning them as to what they would testify to, for the sole purpose of securing groundwork to impeach their evidence, and then coming into court for the sole purpose of impeaching these witnesses' testimony, was a most pernicious practice and was in violation of the law; and that it was a felony for any person to approach a witness and induce or persuade him to testify falsely; and that I would enforce the law, and any person convicted before me for this offense would be sentenced to the penitentiary. I did say that there was hardly a case at this term of court that witnesses were not produced for the sole purpose to impeach the testimony of the state witnesses. I did not say that counsel were connected with these cases. My remarks were addressed to these witnesses as a warning to them and to others that I proposed to put a stop to this pernicious practice."

When the senior member of the firm of attorneys representing the defendant had reserved a bill of exceptions to the foregoing rebuke of the defendant's witnesses in the presence of the jury, he then informed the judge that he had not interviewed any of the witnesses but had left the matter of looking after the testimony to the junior member of his firm. To this the judge replied in the presence of the jury:

"I do not like such methods; they do not appeal to the court."

And to this the defendant's counsel reserved the bill of exceptions No. 4.

The district judge seeks to assure us that his remarks did not and could not prejudice the jury against the accused, because, as he says, the jurors had already heard the testimony of the prosecutrix and were in possession of all of the facts regarding the attempt of the defense witnesses, Stewart and Cooper, to persuade the prosecutrix to testify falsely.

In the case of State v. Walker, 50 La. Ann. 420, 23 South. 967, this court said:

"We fully concur in the opinion expressed by our predecessors in State v. Alphonse, 34 La. Ann. 9, that it is the duty of the district judge to carefully abstain from any expression of opinion or comment upon the facts of the case in a criminal prosecution, not only in his final charge to the jury, but also in his rulings upon the admissibility of evidence in the presence of the jury. Not only this; we think he should avoid, as far as possible, at all times, both in his language and in his actions or conduct, doing anything from which the jury might draw any conclusion as to his views in regard to the case before them."

Again, in the case of State v. Logan, 104 La. 362, 29 South. 110, this court said:

"The judge, in overruling, in the presence of the jury, objections of counsel * * * to the admissibility of evidence should not convey to the jury his opinion of the facts of the case."

The foregoing decisions were all reviewed, and the views therein expressed were reaffirmed in the case of State v. Farrier, 114 La. 579, 38 South. 460.

In the cases cited to support the judge's right to make the remarks which he made in the presence of the jury (State v. Douglass, 34 La. Ann. 523; State v. Welsh & Webster, 34 La. Ann. 991; State v. Kane, 36 La. Ann. 153; and State v. Barnes, 48 La. Ann. 460, 19 South. 251), it was decided that the remarks of the judge did not amount to a comment upon the testimony or an intimation of an opinion in reference to the facts. The same cannot be said of the remarks made by the trial judge in the case before us.

The correct doctrine on this subject was quoted from 12 Cyc. p. 540, approvingly in the opinion rendered in State v. Farrier, 114 La. 587, 38 South. 462, viz.:

"It is proper for the court to state its reasons for admitting or excluding evidence, or to state the purpose for which the evidence is offered or admitted; but remarks of the court, on exclud-

ing evidence, which contain an intimation that it believes defendant is guilty, constitute error, as invading the province of the jury. It is no less improper for the trial judge to intimate that the witnesses [for the prosecution] are credible than to hint that those for the defense are not credible."

It was an error on the part of the learned judge not to let the defense witness contradict the prosecutrix with regard to the serious accusation which she made that the defense witnesses tried to persuade her to testify falsely; and it was a more serious error for the trial judge, in excluding this evidence, to intimate to the jury that the prosecutrix was credible and to hint that the witnesses for the defense were not credible.

For the reasons assigned, the verdict and sentence appealed from are set aside and annulled, and this case is remanded to the district court, to be proceeded with according to law.