KNOLL, Judge.
Plaintiff, the City of Lafayette, brought this action to have a decision by the Municipal Fire and Police Civil Service Board of the City of Lafayette (Board) concerning compensation time for certain firemen declared null on the grounds that the Board overstepped its jurisdictional limits. The trial court held that under LSA-R.S. 33:2477, the Board had jurisdiction to act and found the Board’s decision was not arbitrary. We reverse.
FACTS
The facts of this case are not in dispute. There was a 40 hour fire training session conducted on the campus of L.S.U. at Baton Rouge. Since this training exercise was strictly voluntary, firemen who chose to attend would not be given compensation time, but would be given a barbecue the day before the training session ended. Nine firemen attended the session.
Subsequent to the training session, an Assistant Fire Chief wrongly interpreted the Fire Chief’s instructions and granted compensation time to the firemen of his squad who attended. The other Assistant Fire Chiefs consulted Fire Chief Jack Mon-toucet over the dilemma created by paying some firemen and not others. Chief Mon-toucet decided that if one was given compensation time, all should receive it. At this point compensation time was granted to all those who had attended. On the same day, learning that all the firemen had been informed in writing that their attendance would not be compensated, Chief Mon-toucet revoked his decision and denied compensation time to those firemen who had attended.
The firemen brought this matter before the Board. On April 11, 1985, the Board voted three to two that compensation time be reinstated. The City of Lafayette ap-' pealed.
THE BOARD’S JURISDICTIONAL LIMITS
It is appellant’s contention that the Board overstepped its authority and its jurisdictional limits in granting compensation time over the direct order of Fire Chief Montoucet. The Fire Chief argues that the Board’s action is an unauthorized invasion of his supervision of the fire department.
The Louisiana Constitution of 1974 specifically provides for a civil service system to be applicable to policemen and firemen. LSA-Const. Art. 10, § 16 states: “A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.” We take judicial notice of the census of 1980, which shows that Lafayette had a population of 81,961. Clearly, the Fire Department of Lafayette falls within the ambit of LSA-Const. Art. 10, § 16.
In order to determine the duties of the civil service board for firemen and policemen it is necessary to refer to LSA-R.S. 33:2477. This statute provides that:
“The Board shall:
(1) Represent the public interest in matters of personnel administration in the fire and police services of the said municipal government.
*183 (2) Advise and assist the governing body, mayor, commissioner of public safely, and the chiefs of the fire and police departments of the municipality, with reference to the maintenance and improvement of personnel standards and administration in the fire and police services, and the classified system.
(3) Advise and assist the employees in the classified service with reference to the maintenance, improvement, and administration of personnel matters related to any individual or group of employees.
(4) Make, at the direction of the mayor, commissioner of public safety, chief of either the fire or police department, or upon the written petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the said municipal fire and police services; review, and modify or set aside upon its own motion, any of its actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry out effectively the provisions and purposes of this Part.
(5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
(6) Hear and pass upon matters which the mayor, commissioner of public safety, the chiefs of the departments affected by this Part, and the state examiner of municipal fire and police civil service bring before it.
(7) Make, alter, amend, and promulgate rules necessary to carry out effectively the provisions of this Part.
(8) Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board.
(9) Make reports to the governing body, either upon its own motion or upon the official request of the governing body, regarding general or special matters of personnel administration in and for the municipal fire and police services of the municipality, or with reference to any appropriation made by the governing body for the expenses incidental to the operation of the board.”
LSA-R.S. 33:2501 sets forth the procedure the Board must follow when employees appeal to the Board. At this stage, the Board is sitting as a reviewing body and as such, before it can reverse, the Board must find that the Fire Chief acted in “bad faith” and without cause or that he was arbitrary and capricious. See City of Westwego v. McKee, 448 So.2d 166 (La.App. 5th Cir.1984); Newman v. Department of Fire, 425 So.2d 753 (La.1983).
The Board did not find that the Fire Chief acted in “bad faith” and without cause or that he was arbitrary and capricious. The trial court found that the Board’s decision was not arbitrary or capricious and that “The powers delegated by LSA-R.S. 33:2477 are broad enough to allow the Board to render this type of decision....” The Board and the learned trial judge should have determined whether the Fire Chief acted in “bad faith” and without cause or that he acted arbitrarily and capriciously before it reversed the decision of the Fire Chief. Since this determination was not made, we will apply this standard in resolving the issue presented by appellant.
The record shows that when the Fire Chief decided that all firemen should receive compensation time for attending the session, he was unaware that all of the firemen were informed in writing prior to attending that they would not receive compensation time. After learning of this written notice to all firemen, which was also on the same day of his initial decision, he revoked his initial decision that compensation time be paid to all firemen who attended the session. Applying the aforestated standards, we cannot say that the Fire Chief acted in “bad faith” and without cause or that he was arbitrary and capricious.
*184 Further, in our view, we disagree with the learned trial judge that the powers delegated by LSA-R.S. 33:2477 are so broad as to encompass review of a supervisory decision by a Fire Chief as to whether firemen are to receive compensation time under these circumstances. Such an overly broad interpretation would interfere with the Fire Chief's administration of the fire department and burden the Board with administrative matters, which was not the intent of the legislature in creating the Board. The relief requested by the nine firemen concerns a policy of fiscal responsibility that falls upon the shoulders of the Fire Chief. There is no evidence in the record to suggest that the denial of compensation time was prejudicially job-related or falls within the ambit of the duties outlined in LSA-R.S. 33:2477.
For the foregoing reasons, the judgment of the trial court is reversed. IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the City of Lafayette and against the firemen for compensation time. Costs of trial and of this appeal are assessed to appel-lees.
REVERSED AND RENDERED.