# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-910

VINCENT ALEXANDER

VERSUS

ALBERT "DA DA" P. MENARD
AND THE HONORABLE BECKY P. PATIN,
CLERK OF COURT FOR THE
PARISH OF ST. MARTIN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 83144
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**********

## JAMES T. GENOVESE
## JUDGE

**********

Court composed of Billy Howard Ezell, James T. Genovese, and David Kent Savoie, Judges.

**AFFIRMED.**

**Lucretia Pecantte**
**Attorney at Law**
**P. O. Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Becky Patin, St. Martin Parish Clerk of Court**
    **Albert "Da Da" P. Menard**

**Vincent Alexander**
**In Proper Person**
**345 W. Mills Avenue**
**Breaux Bridge, LA 70517**
**(337) 278-8349**

**GENOVESE, Judge.**

The plaintiff candidate, Vincent Alexander, appeals from the trial court's judgment dismissing his suit objecting to the candidacy of the defendant, Albert P. Menard, for the position of parish councilman. Finding no error in the trial court's interpretation of the applicable statutes, and no manifest error in the trial court's findings of fact, we affirm the judgment dismissing the suit.

## I.

## ISSUE

We must decide whether the trial court legally erred or was manifestly erroneous in dismissing the objection to candidacy filed by Mr. Alexander against Mr. Menard based upon Mr. Menard's alleged failure to pay outstanding fees prior to noticing his candidacy for office.

## II.

## FACTS AND PROCEDURAL HISTORY

Mr. Alexander, a candidate for Parish Council, District 7, St. Martin Parish, filed suit objecting to the candidacy of Mr. Menard for the same position. Mr. Alexander's suit is based upon Mr. Menard's allegedly having falsely certified that he had no unpaid fines, fees, or penalties, pursuant to the Code of Governmental Ethics, at the time that Mr. Menard qualified for the Council position in the upcoming election.

Mr. Alexander entered into evidence a 2014 suit filed by the State of Louisiana Board of Ethics (BOE) against Mr. Menard in the Sixteenth Judicial District Court, St. Martin Parish, Docket No. 81825, challenging his candidacy in the 2014 election of Alderman for the City of Breaux Bridge. That suit asserted

that Mr. Menard had not paid two Late Fee Orders issued by the BOE for his failure to timely file Tier 3 Annual Personal Financial Disclosure Statements in 2009 ($200.00 assessment) and in 2010 ($1,500.00 assessment).

As a result of the suit by the BOE, Mr. Menard voluntarily withdrew his candidacy for the position of Alderman in the 2014 election, and the BOE filed a Motion and Order to Dismiss in Docket No. 81825 on September 25, 2014. The Order to Dismiss was signed by Judge Paul J. deMahy on March 2, 2015. Mr. Vincent contended at trial that the St. Martin Parish Clerk of Court was holding the dismissal in suit No. 81825 "for the deposit of $514.95."

Mr. Menard entered into evidence documents showing that he had paid fees of $1,500.00 to the BOE on September 9, 2015. Mr. Menard testified that two hours before filing his notice of candidacy, on the same date, he drove to Baton Rouge and paid all of the fees or fines that the Baton Rouge office said he owed to the BOE, which was $1,500.00.

Following the testimony of the parties and the St. Martin Parish Clerk of Court, Becky P. Patin, the trial court dismissed Mr. Vincent's suit in this case, challenging the candidacy of Mr. Menard in the current race for Parish Council. For the reasons expressed below, we affirm the trial court's judgment of dismissal.

III.

### STANDARDS OF REVIEW

"Questions of law, such as the proper interpretation of a statute, are reviewed by the appellate court under the de novo standard of review." *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36 (citations omitted). An appellate court may not set aside a trial court's findings of fact in absence of manifest error or

unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). In election suits, generally, great deference is given to the trier of fact's findings regarding the credibility of witnesses. *See Herpin v. Boudreaux*, 98-306 (La.App. 3 Cir. 3/5/98), 709 So.2d 269 (citing *Blackwell v. Kershenstine*, 97-210 (La.App. 3 Cir. 2/27/97), 690 So.2d 247, *writ denied*, 97-545 (La. 3/14/97), 689 So.2d 1390). Accordingly, in this case, we conduct a de novo review of the trial court's findings regarding whether court costs are included in the definition of outstanding fines, fees, and penalties in La.R.S. 18:463(A)(2)(c)(ii)–(iii); and, we review for manifest error the trial court's findings of fact regarding Mr. Menard's payment of the outstanding late fees prior to signing his Notice of Candidacy, with appropriate deference to the trial court in evaluating the credibility of the witnesses testifying before the court.

IV.

## LAW AND DISCUSSION

On September 9, 2015, Mr. Menard signed a Notice of Candidacy form wherein he was required to certify thirteen items of information in order to run for the office of Councilman. Item number eleven of that form states: "I do not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics." Mr. Alexander's suit is brought pursuant to La.R.S. 18:492(A)(6), providing that an action objecting to an individual's candidacy can be brought on the grounds that he "falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2)." Louisiana Revised Statutes 18:463(A)(2)(c) (emphasis added) provides:

3

(ii) "Outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics" shall mean a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more *imposed by the Board of Ethics* for which all appeals have been exhausted.

(iii) *"Outstanding fine, fee, or penalty" shall not mean any fine, fee, or penalty that has been paid in full as of the time of the filing of the notice of candidacy.*

Here, the trial court's dismissal of Mr. Alexander's suit was based upon the evidence that the BOE had dismissed its suit challenging Mr. Menard's candidacy for Alderman in the 2014 election; and it was based upon the evidence that Mr. Menard had paid all of the outstanding fees owed to the BOE *before* filing his notice of candidacy for Councilman in the current election. Mr. Vincent contends that the trial court erred in finding that the previous suit against Mr. Menard had been dismissed and in finding no false certification as to item number eleven when Mr. Menard filed his Notice of Candidacy form.

### Outstanding Fees

Mr. Alexander contends that *State, Board of Ethics v. Darby*, 06-1058 (La.App. 3 Cir. 8/24/06), 937 So.2d 929, is applicable. In that challenge to candidacy, this court reversed a dismissal of the suit because the candidate's outstanding fees were not paid until *after* the candidate certified that he had no outstanding fees, even though the trial court had allowed the candidate an additional twenty-four hours to pay. Such is not the case here, where the record reveals that Mr. Menard paid his outstanding fees of $1,500.00 to the BOE on September 9, 2015, *before* he filed his Notice of Candidacy certifying that he owed no outstanding fines, fees, or penalties under the Code of Governmental Ethics. The copies of the dated money orders, receipt, and Notice of Candidacy in

4

the record all bear the dates of September 9, 2015, and Mr. Menard testified that he paid the fees about two hours before filing the Notice. Mr. Alexander put on no evidence to refute Mr. Menard's testimony that the fees were paid before the form was signed.

Mr. Alexander further argues that the court costs on the previous suit by the BOE, in the amount of $514.95, were the responsibility of Mr. Menard, and the non-payment of the court costs before filing his Notice of Candidacy renders Mr. Menard in violation of La.R.S. 18:492(A)(6). We disagree. The statute defining the meaning of outstanding fees "pursuant to the Code of Governmental Ethics" clearly defines them as fees "imposed by the Board of Ethics," not by the court. La.R.S. 18:463(A)(2)(c)(ii). At trial, Clerk of Court Becky Patin testified regarding the distinction between court costs owed to the court and fees owed to the BOE that affect candidacy. In discussing the Clerk of Court's Notice of Candidacy form and the certification under item number eleven, Ms. Patin testified:

Q. Okay. They cannot owe any money to who?

A. The Board of Ethics.

Q. Does it say anywhere in this document that they cannot owe court cost to you?

A. No, ma'am.

Q. It's cost, fines[,] and penalties to who? Is it to you or is it to the Board of Ethics?

A. It's to the Board of Ethics.

Q. And in this document they certify that they don't owe anything to the Board of Ethics.

A. Right.

Q.    Was the court cost that was a[ss]essed in the previous case, was that cost for the Board of Ethics or was it cost --

A.    It was our court cost.

Q.    It was yours.  So it had nothing to do with the Board of Ethics.

A.    No, ma'am.  It was court cost that was owed to us.

. . . .

Q.    So, Miss Patin, it's your understanding[,] and I think it's -- let me get it -- as to Number 11, he certified that he owed no outstanding fines, fees[,] or penalties to the Board of Ethics.

A.    Correct.

Q.    And the court cost that is the subject of this suit is court cost owed to the --

A.    To me.

Q.    -- to the St. Martin Parish Clerk of Court.

A.    Yeah, to the Clerk of Court[']s Office.

Q.    And not to the Louisiana Board of Ethics.

A.    No, ma'am.

The testimony at trial was clear that Mr. Menard owed no fines, fees, or penalties to the BOE when he filed his Notice of Candidacy on September 9, 2015.  Mr. Menard paid the outstanding fees owed to the BOE earlier in the day on September 9, 2015, such that his certification was not falsely made.

### *Dismissal of the Previous Suit by the BOE*

Mr. Alexander argues that the dismissal signed by the trial court has no effect because BOE did not pay the court costs of $514.95, and, therefore, the suit is still pending.  This argument is without merit.   As indicated, the BOE had dismissed the suit a year earlier, on September 25, 2014, and the judge signed the

6

dismissal on March 2, 2015. We further note that the 2014 suit was not *for* the unpaid late fees; the suit was filed by the BOE to challenge Mr. Menard's candidacy *because* of the unpaid late fees. Mr. Menard was qualifying to run for his fifth term. The late fees were assessed because Mr. Menard had not timely filed his financial disclosure forms in 2010 under the Campaign Finance Disclosure Act. The 2014 suit was dismissed and cured when Mr. Menard withdrew his candidacy for Alderman in 2014.

Testimony at trial regarding the dismissal is clear that the previous suit was not pending when Mr. Menard filed his Notice of Candidacy on September 9, 2015. In arguing this point on appeal, Mr. Alexander excerpted only part of the testimony of the Clerk of Court, Becky Patin. At trial, Ms. Patin testified regarding the dismissal:

Q. Okay. Dismissals, in reference to dismissals that are not filed in the record withheld court cost, they're not filed, they're not filed in the record until they're paid in full; is that correct?

A. Yes, sir.

Q. Okay. Until court cost are paid[,] matters are not dismissed. They are placed in another file cabinet until they're paid, so they'd be dismissed.

A. You are correct, but if a judge signs a dismissal, you know, it's signed.

Q. They're not dismissed till they paid. Is that correct?

A. Most of the time, but if a judge signs it before, you know, it's like when a judge signs an order we have to abide by it, but sometimes we don't send a copy to the opposing attorney unless they pay the court cost.

Q. What was the court cost in the matter of *State Board of Ethics Versus Albert "DaDa" Menard*, Docket 81825?

A. Five hundred fourteen dollars and ninety-five cents ($514.95).

7

Q.     Okay. Did you receive a dismissal document from the Board of Ethics?

A.     When they came to court, I'm suggesting that when they came to court that day[,] Judge deMahy signed the order on March 2nd, 2015.

Q.     Okay.

A.     The dismissal.

Q.     Is it true that this dismissal document was not filed because you hadn't received, you know, the payment.

A.     We received and filed everything, but we didn't send him a copy.

On cross examination by Mr. Menard's attorney, Ms. Patin responded:

Q.     Miss Patin, if I understand your testimony correctly, the dismissal was signed.

A.     It was.

Q.     When the suit was filed by the Board of Ethics were any court cost   paid by the Board of Ethics?

A.     No.

Q.     Okay.  Did y'all send them a copy of the dismissal?

A.     We did.

     Ms. Patin was further asked regarding the dismissal:

Q.     And it was signed by the judge?

A.     Yes.  It was signed on March 2nd, 2015[,] by Judge deMahy.

Q.     In that record is there a Judgment stating Mr. Menard owed money to the Board of Ethics?

A.     No, they dismissed the suit.

Q.     Is there an Order stating that Mr. Menard is ordered to pay any other additional fines and fees to the Board of Ethics?

A.     No, sir.

On appeal, Mr. Alexander argues La.R.S. 13:4201 and La.Code Civ.P. art. 1671 in efforts to show that the suit was not dismissed.[1] Mr. Alexander's arguments are misplaced and without merit. These articles address whether a plaintiff is entitled to a voluntary dismissal with or without prejudice. In the 2014 suit, the plaintiff, the BOE, did not want a dismissal without prejudice in order to preserve their rights to bring the suit again. Rather, they sought a full dismissal, with prejudice to themselves, after they received certification from the Secretary of State that Mr. Menard had withdrawn his candidacy in the 2014 election. Mr. Alexander cannot challenge the BOE's dismissal of Mr. Menard because court costs were not paid. A discontinuance, or judgment allowing the same, is not open to collateral attack as an absolute nullity because it fails to condemn the plaintiff for costs of the suit. *De Renzes v. His Wife*, 117 La. 817, 42 So. 327 (La.1906).

The Louisiana Supreme Court has further held that a judgment granted on a voluntary motion to dismiss is effective even though the court costs

---

[1] Louisiana Code of Civil Procedure Article 1671, entitled "Voluntary dismissal[,]" provides as follows:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

Louisiana Revised Statutes 13:4201, entitled "Voluntary dismissal or discontinuance; payment of costs before judgment rendered or signed[,]" provides:

> No order or judgment shall be rendered or signed by any court of the state dismissing or discontinuing any suit or reconventional demand, on the voluntary motion of any or all of the parties thereto, unless and until all costs and commissions due the clerk of court and the sheriff shall first have been paid, to be evidenced by certificates of those officers to be filed with and made part of the motion to dismiss or discontinue.

have not been paid. *Adams v. Aetna Cas. & Sur. Co.*, 252 La. 798, 214 So.2d 148 (La.1967). Further, the cited articles command that the court *shall not refuse* to dismiss the suit upon payment of all costs and grants to the judge the *discretion* as to whether voluntary dismissal will be granted where costs have not been previously paid. *See id.* Nonpayment of a court cost has no effect upon the validity of an order granting a dismissal or its application to a defendant. *See id.* Moreover, in filing the 2014 suit, the BOE, as a public board, informed the Clerk of Court in its cover letter that it was exempt from court costs pursuant to La.R.S. 13:4521. That statute requires the exempted board to assist the court in collecting the costs by asking the court to tax costs in accordance with La.Code Civ.P. art. 1920,[2] which *allows* the court to render a judgment for the costs against any party "as it may consider equitable." Thus, the BOE was not liable for the costs. It asked the court to tax costs to Mr. Menard, and the court has the *discretion* to file suit for the costs, or not. No suit for costs has been filed against Mr. Menard by the Clerk of Court for failure to pay the costs of the previous suit, and it is solely within the purview of the Clerk of Court to do so, not the BOE.

V.

**CONCLUSION**

Finding that the previous suit by the BOE was dismissed, and that Mr. Menard owed no outstanding fines, fees, or penalties to the BOE, we affirm the

---

[2]Under La.Code Civ.P. art. 1920, entitled "Costs; parties liable; procedure for taxing[:]"

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

trial court's dismissal of this suit against Albert Menard.  Costs of this appeal are assessed to the plaintiff, Vincent Alexander.

**AFFIRMED.**