STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 15-1170


STATE OF LOUISIANA BOARD OF ETHICS

VERSUS

SCOTT A. FONTENOT, ET AL.



**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 15-C-5154-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**

**JUDGE**

**********

Court composed of Sylvia R. Cooks, Phyllis M. Keaty, and John E. Conery Judges.


**AFFIRMED.**



**Jacque B. Pucheu, Jr.**
**Pucheu, Pucheu & Robinson**
**Post Office Box 1109**
**Eunice, LA 70535**
**(337) 457-9075**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Scott A. Fontenot**

**Vivian H. Williams**
**Michael D. Dupree**
**Suzanne Quinlan Mooney**
**Kathleen M. Allen**
**Post Office Box 4368**
**Baton Rouge, LA 70821**
**(225) 219-5600**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Louisiana Board of Ethics**

**KEATY, Judge.**

The appellant, the Louisiana Board of Ethics (hereinafter the BOE), has perfected this appeal from the ruling of the trial court rejecting the BOE's objection to the candidacy of the appellee, Scott A. Fontenot, for the office of Mayor for the City of Eunice. For the reasons given below, we affirm the trial court's ruling.

Mr. Fontenot was first elected to the office of Alderman, Ward 4, for the City of Eunice on October 2, 2010, and was commissioned for that office on January 1, 2011. He was re-elected to this position on November 4, 2014, and again was commissioned on January 1, 2015.

On October 13, 2015, a meeting was held by the Board of Aldermen for the City of Eunice (hereinafter the Board). The trial court made the following factual findings. "On October 13, 2015 [Mr. Fontenot] was appointed by the Board of Alderman as Interim Mayor. [Mr. Fontenot] resigned his Alderman seat on October 13, 2015 and mailed his notice of resignation on October 14, 2015. It was received by the Secretary of State on October 21, 2015. [Mr. Fontenot] was commissioned on October 13, 2015 and took his oath of office on November 10, 2015."

The BOE does not challenge the following underlying facts. On October 14, 2015, Mr. Fontenot mailed his notarized notice of resignation from his seat on the Board to the Louisiana Secretary of State's Office. The resignation notice was filed by that office on October 21, 2015. After Mr. Fontenot was administered the oath of office to serve as Interim Mayor on November 10, 2015, he submitted his Notice of Candidacy to the Clerk of Court's Office for St. Landry Parish during the qualification period to run for the office of Mayor for the City of Eunice.

On December 11, 2015, the BOE filed its Objection to the Candidacy of Mayor, City of Eunice, Parishes of Acadia and St. Landry Filed on Behalf of the Louisiana Board of Ethics. The trial on the merits of the BOE's Objection was heard by the trial court on December 14, 2015. Mr. Fontenot moved for the trial court to order the involuntary dismissal of the BOE's action. The trial court denied Mr. Fontenot's motion. Following the submission of evidence and testimony, for oral reasons given, the trial court orally rendered judgment denying the Objection. The trial court signed the written judgment denying the Objection and dismissing the action with prejudice at 2:58 p.m. on December 14, 2015. The BOE filed its motion and order for appeal in the trial court at 10:37 a.m. on December 15, 2015. This court lodged the record in this appeal on December 17, 2015.

The BOE filed its brief in this court on December 17, 2015. Mr. Fontenot filed his brief and his answer to the appeal in this court on December 18, 2015. On this same date, the BOE filed a brief in opposition to the answer to the appeal.

## THE ANSWER TO THE APPEAL

At the outset, this court must consider the answer to the appeal filed on behalf of Mr. Fontenot. Mr. Fontenot contends that since the BOE failed to introduce any evidence as to the population of St. Landry Parish, the BOE has failed to show that Mr. Fontenot does not qualify for the exception found in La.R.S. 42:1113(A) which exempts that provision from applying to public servants in parishes with less than 10,000 in population. The BOE opposes the answer first by arguing that the answer was not timely filed. Alternatively, the BOE submits that this court can take judicial notice that the federal decennial census gives the population for St. Landry Parish as 83,384.

2

We find no provision in Title 18 which sets a time period for the filing of the answer in a candidacy challenge. *See* La.R.S. 18:1409. However, we pretermit a discussion as to the BOE's argument regarding timeliness and instead find that Mr. Fontenot's answer lacks merit. This court has taken judicial notice of population statistics when necessary. *See Lafayette v. Comp Time for Cert. Firemen*, 525 So.2d 181 (La.App. 3 Cir. 1988). *See also State v. Temple*, 00-2183 (La.App. 4 Cir. 5/16/01), 789 So.2d 639. As noted by the BOE, the United States Census Bureau has the population of St. Landry Parish as exceeding 10,000. Therefore, pursuant to La.Code Evid. art. 201, we take judicial notice of the fact that the population of St. Landry Parish exceeds 10,000 people, and, accordingly, we deny the answer to the appeal.

## STANDARD OF REVIEW

The interpretation of statutes is a question of law which is reviewed by the appellate courts under the *de novo* standard of review. *Silver Dollar Liquor v. Red River Parish*, 10-2776 (La. 9/7/11), 74 So.3d 646. Findings of fact by the trial court are reviewed under the manifest error or clearly wrong standard of review. *Johnson v. Augustine*, 06-1690 (La.App. 1 Cir. 8/29/06), 943 So.2d 466, *writ denied*, 06-2189 (La. 9/1/06), 936 So.2d 820. The Third Circuit recently compared these two standards in *Alexander v. Menard*, 15-910 (La.App. 3 Cir. 9/28/15), ___ So.3d ___ (noting that the legal question of whether court costs are included in a statutory definition of fees is reviewed *de novo*, whereas the factual question of whether the candidate in question paid those court costs is reviewed for manifest error).

In *Landiak v. Richmond*, 05-758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541, the court stated, "[b]ecause election laws must be interpreted to give the electorate

the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified." Further, the court noted, "a court determining whether the person objecting to candidacy has carried his burden must liberally construe the laws governing the conduct of elections 'so as to promote rather than defeat candidacy'" and "[a]ny doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office." *Id.* (citations omitted).

## LAW AND ARGUMENT

The BOE asserts that the pertinent provisions of the Louisiana Election Code and the Louisiana Code of Ethics set up a dichotomy in cases like the instant one, in which, in one scenario, the former member of the Board of Aldermen would be permitted to qualify in the next election for the office of Mayor and, in another scenario, the former member of the Board of Aldermen would prohibited from qualifying in the next election for the office of Mayor. The BOE contends that the facts of the instant case fall under the latter scenario.

The BOE's position in this case is that Mr. Fontenot could accept the Board's appointment of him as Interim Mayor even though his notice of resignation from his Alderman's seat was not filed in the Secretary of State's Office at the time of his appointment. However, since he accepted the appointment prior to his notice of resignation being filed in the Secretary of State's Office, he is prohibited from qualifying to run for the office of Mayor.

We find that the determination of the instant case turns on the application of two provisions of law, La.R.S. 42:1113(A)(1) and La.R.S. 42:1121(G). The former provision provides, in pertinent part:

4

(A)(1)(a) No public servant, excluding any legislator and any appointed member of any board or commission and any member of a governing authority of a parish with a population of ten thousand or less, or member of such a public servant's immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant.

(b) This Paragraph does not prohibit a municipal or parish governing authority from appointing one of its members:

(i) To fill a vacancy in accordance with the Louisiana Election Code. No person so appointed, except as provided in R.S. 42:1121(G), shall be eligible to or shall qualify in the next election as a candidate for the office to which he is appointed.

Louisiana Revised Statutes 42:1121(G) states, "Nothing in this Section shall prohibit **a former member** of a municipal governing authority from being appointed to fill a vacancy in the office of mayor regardless of the amount of time that has elapsed since the **termination of the former member's service as a member of the municipal governing authority.**" (Emphasis added.)

In its brief filed in this court, the BOE poses the following question: "Did Scott Fontenot **resign** from the office of Alderman, Ward 4, City of Eunice prior to being appointed by the Eunice Board of Aldermen to fill a vacancy in the office of Mayor of Eunice?" (Emphasis added.) We find that the BOE has posed the wrong question. As the above-quoted highlighted portions of La.R.S. 42:1121(G) state, the question is when did Mr. Fontenot **terminate his service** on the Board, as the statute does not use the word "resign." We find that the BOE's interpretation of this statute leads to absurd consequences and violates the obvious intent of the statute. La.Civ.Code art. 9.

Our interpretation of the meaning of La.R.S. 42:1121(G) is bolstered by the fact that this provision states that the time period from the termination of the member's service until the time that he or she is appointed to fill the vacancy in the

office of mayor is irrelevant. Under the interpretation articulated by the BOE, there would necessarily be a time break between the resignation of a member since the resignation is not effective until filed by the Secretary of State's Office and that member's appointment as Interim Mayor. We find that the BOE's interpretation alters the clear intent of the legislature in providing that this time period, however short or long , is irrelevant.

We find no manifest error in the trial court's finding of fact that Mr. Fontenot ceased performing any duties as an alderman at the meeting held on October 13, 2015. Thus, as found by the trial court, we agree that Mr. Fontenot terminated his service as an alderman on October 13, 2015, when he orally resigned from the Board and ceased performing the duties associated with a member of the Board. Further, the Secretary of State's Office filed his Notice of Resignation on October 21, 2015, well in advance of when, as found by the trial court, Mr. Fontenot was administered the oath of office and assumed the duties of Interim Mayor on November 10, 2015. Thus, we find that the trial court properly denied the Objection filed by the BOE, and we affirm the trial court's decision.

**AFFIRMED.**